**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ELIZABETH DAMIAN JIMENEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-2626-KC** |
| | § | |
| **CHRISTOPHER MCGREGOR, et al.,** | § | |
| | § | |
| | § | |
| **Respondents.** | § | |

**<u>ORDER</u>**

On this day, the Court considered the above-captioned case, in which Petitioner seeks release from immigration custody. Pet. 21, ECF No. 1. Petitioner is detained within the boundaries of the Western District of Texas pending ongoing removal proceedings. *Id.* ¶¶ 2, 44. Respondents argue that Petitioner was not "lawfully admitted into the country" and that the Petition must be denied under binding authority. *See* Resp. 3–4, 7, ECF No. 6.

All noncitizens who are present in the United States without having been admitted or paroled are subject to mandatory detention for the duration of their removal proceedings. 8 U.S.C. § 1225(b)(2)(A); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502 (5th Cir. 2026). The mandatory detention provision—§ 1225(b)(2)(A)—applies to noncitizens regardless of whether they are detained at the border or in the interior of the United States. *Buenrostro-Mendez*, 166 F.4th at 504.

Petitioner was charged with entering the United States without inspection. *See* Resp. 4–5; *see id.* Ex. A ("Notice to Appear") at 1, ECF No. 3-1. Petitioner contends, however, that she was admitted to the country in 1990, when, as a passenger in a vehicle driven by her uncle, she was waved through a port of entry on the California-Mexico border. Reply 1, ECF No. 4. She

argues that, accordingly, she has been "misclassified" and "should correctly be subject to 8 U.S.C. § 1226(a) and not to 8 U.S.C. § 1225(b)(2)(A) as alleged by the government." *Id.* at 2 (citing *Rubio v. Lynch*, 787 F.3d 288, 291 (5th Cir. 2015)); *id.* at 4–5.

It is not clear whether Petition has requested a bond hearing in immigration court, nor the extent to which Petitioner has raised her "misclassification" argument there. *See* Reply 5; *see generally* Reply; Pet.

Accordingly, the Court **ORDERS** that, by **no later than November 11, 2026**, Respondents shall file an advisory with the Court, explaining Respondents' position on Petitioner's contention that she was admitted into the country and is properly subject to 8 U.S.C. § 1226(a). Respondents shall inform the Court whether they dispute that Petitioner was "waved into the United States" at a port of entry in 1990, as a factual matter. Respondents shall also engage with the caselaw cited by Petitioner as well as other relevant Fifth Circuit precedent, including *Gomez v. Lynch*, 831 F.3d 652 (5th Cir. 2016) and *Duarte v. Mayorkas*, 27 F.4th 1044 (5th Cir. 2022).

**IT IS FURTHER ORDERED** that, by **no later than November 11, 2026**, Petitioner shall file an advisory with the Court, explaining whether Petitioner has raised her "misclassification" argument in immigration proceedings, whether Petition has requested a bond hearing, and if so, the outcome of that request.

**SO ORDERED**.

**SIGNED this 4th day of November, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE