**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ELIZABETH DAMIAN JIMENEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-2626-KC** |
| | § | |
| **CHRISTOPHER MCGREGOR, et al.,** | § | |
| | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered the above-captioned case, in which Elizabeth Damian Jimenez seeks release from immigration custody. Pet. 21, ECF No. 1. Damian Jimenez is detained within the boundaries of the Western District of Texas pending ongoing removal proceedings, and requests release from immigration custody. *Id.* ¶¶ 2, 44; *id.* at 21. For the following reasons, the Petition is **GRANTED IN PART**.

## I. BACKGROUND

Damian Jimenez, a Mexican citizen, was charged in immigration court with entering the United States without inspection and taken into custody pending removal proceedings. *See* Resp. 4–5, ECF No. 3; *see id*. Ex. A ("Notice to Appear") at 1, ECF No. 3-1. On November 12, 2026, an immigration judge ("IJ") denied her bond without a hearing on the basis that she is subject to mandatory detention. *See* Pet.'s Advisory, ECF No. 8; *id*. Ex. P ("IJ Order"), ECF No. 8-1 ("The respondent is charged under INA 212(a)(6)(A)(i) and, therefore, this Court does not have jurisdiction over these custody matters.").

Damian Jimenez claims that she has been "misclassified" as an applicant for admission, subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Reply 2, 4–5, ECF No. 4; *see*

*also* Pet. ¶ 71–75. Section 1225(b)(2)(A) mandates detention of a person during removal proceedings if (1) the person is an "applicant for admission"; and (2) if the examining immigration officer "determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted." But Damian Jimenez contends that in 1990, as a passenger in a vehicle driven by her uncle, she was waved through a port of entry on the California-Mexico border, and that the wave-through constitutes an admission to the country. *See* Reply 1–2 (first citing *Matter of Areguillin*, 17 I. & N. Dec. 308, 310 (BIA 1980); then citing *Matter of Quilantan*, 25 I. & N. Dec. 285, 290–91 (BIA 2010); and then citing *Rubio v. Lynch*, 787 F.3d 288, 291 (5th Cir. 2015)). She argues that because she was in fact admitted, she "should correctly be subject to § 1226(a) and not to § 1225(b)(2)(A) as alleged by the government." *Id.* at 2, 4–5. Under § 1226(a), she would be entitled to a bond hearing. *See* 8 U.S.C. § 1226(a). On these grounds, Damian Jimenez "seeks habeas relief from her current mandatory detention that prohibits [] her from seeking a bond request to an impartial adjudicator [sic], while her immigration proceedings are ongoing, and for this Court to determine as a matter of law that she is entitled to ask for release." *See* Pet. ¶ 24.

Respondents maintain that Damian Jimenez entered the United States without admission or inspection, and that, accordingly, "Petitioner is charged as an applicant for admission within the meaning of § 1225 and thus subject to mandatory detention." Resp. 6 (citing Notice to Appear); Resps.' Advisory 1, ECF No. 7. However, Respondents acknowledge that whether Damian Jimenez was admitted is a factual dispute. *See* Resps.' Advisory 1–2. Respondents also acknowledge "the Fifth Circuit [and] the BIA's holding that 'an individual who presents himself at an immigration checkpoint, undergoes a procedurally regular inspection, and is given permission to enter has been admitted, regardless of whether he had any underlying legal right to

do so.' *Gomez v. Lynch*, 831 F.3d 652, 658 (5th Cir. 2016) (*citing Matter of Quilantan*, 25 I&N Dec. 285 (BIA 2010))." Resps.' Advisory 2. "Respondents also do not challenge that the Fifth Circuit has held that a wave-through entry constitutes admission. *Tula Rubio v. Lynch*, 787 F.3d 288, 292 (5th Cir. 2015)." Resps.' Advisory 2.

## II. ANALYSIS

### A. Jurisdiction

The Court first considers whether it has jurisdiction over Damian Jimenez's claim that she has been misclassified under § 1225(b)(2)(A), and that mandatory detention without the opportunity to challenge the basis of her detention under § 1225(b)(2)(A) is unconstitutional. *See* Reply 2, 4–5; *see also* Pet. ¶ 72. Under 28 U.S.C. § 2241(c)(3), the court has federal subject-matter jurisdiction over habeas petitions filed by aliens claiming they are being detained "in violation of the Constitution or laws . . . of the United States." *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Respondents argue that the Court lacks jurisdiction under 8 U.S.C. § 1252(b)(9) to review the factual issue of whether Damian Jimenez was admitted, and that "review with the appropriate circuit court of appeals [] is the proper avenue for judicial review." Resps.' Advisory 1–3. Section 1252(b)(9), along with 8 U.S.C. § 1252(a)(5), are "'zipper clause[s]' that aim to funnel judicial review of final deportation orders and questions of law or fact arising from deportation proceedings into a single mechanism." *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *4 (W.D. Tex. Oct. 2, 2025) (quoting *Duarte v. Mayorkas*, 27 F.4th 1044, 1056 (5th Cir. 2022).

This Court has already rejected similar jurisdictional arguments in other immigration habeas cases.[1] *See, e.g., Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *2 (W.D. Tex. Oct. 30, 2025); *Santiago*, 2025 WL 2792588, at *3–5. As this Court has previously explained, the Supreme Court has "declined to apply an expansive interpretation of 'arising from,'" instead holding that § 1252(b)(9) does "not present a bar to reviewing the immigration habeas petitioners' challenge to their mandatory detention." *Santiago*, 2025 WL 2792588, at *4 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 293 (2018)). The *Jennings* plurality rejected the interpretation that § 1252(b)(9) presents a bar to review of detention claims: Although "detention *is* an 'action taken . . . to remove' an alien," *see Jennings*, 583 U.S. at 318 (Thomas, J, concurring), "[t]he question is not whether detention is an action taken to remove an alien but whether the legal questions in this case arise from such an action." *Id.* at 295 n.3.

To determine whether the Court retains jurisdiction under § 1252 to review Damian Jimenez's claim, the Court considers "the substance of the relief that [the petitioner] is seeking." *Duarte*, 27 F.4th at 1054–55 (citation omitted). And, where the petitioner is "not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined," § 1252(b)(9) "does not present a jurisdictional bar." *Texas v. United States*, 126 F.4th 392, 417 (5th Cir. 2025) (quoting *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020)).

First, to the extent that Damian Jimenez requests release, *see* Pet. 21, Reply 5, such relief would not "directly or indirectly invalidate [any] deportation order[]," and therefore does not fall under § 1252(b)(9)'s bar of judicial review of orders of removal. *Duarte*, 27 F.4th at 1057. Nor would it require review of the decision to seek removal or the process by which removability will

[1] To the extent that Respondents may argue that § 1252(a)(5) bars jurisdiction, *see* Resp. 3, § 1252(a)(5) concerns only challenges to "an order of removal," *see Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 677 (W.D. Tex. 2025), to which Damian Jimenez is not subject. *See generally* Pet.; Resp. 4–5.

be determined. *See Santiago*, 2025 WL 2792588, at *4 ("[N]othing prevents any removal proceedings from continuing while [petitioner] is at liberty, instead of in custody.").

Second, Damian Jimenez requests adjudication of the fact of her alleged admission to the country to establish that she is entitled, as a matter of law, to a bond hearing under § 1226(a). *See* Pet. ¶ 24; Reply 2, 4–5. Damian Jimenez has thus far been denied the opportunity to challenge her classification under the mandatory detention statute through a hearing on this factual matter. *See* IJ Order. Where a petitioner seeks relief from the "statutory framework that permits [an] alien's detention without bail," the Court retains jurisdiction over the claim. *Demore v. Kim*, 538 U.S. 510, 517 (2003); *see also Duarte*, F.4th 1044 at 1055–56 (no jurisdictional bar where a person "seek[s] review of [the] determination that no discretion existed as a matter of law."); *Aguilar v. Bondi*, 811 F. Supp. 3d 815, 823 (W.D. Tex. 2025) (challenge to a decision to deny a bond hearing not jurisdictionally barred under § 1252(b)(9)) (citing *Nielsen v. Preap*, 586 U.S. 392, 402 (2019)); *see also Santiago*, 2025 WL 2792588, at *5 (collecting cases). Accordingly, this Court has jurisdiction to consider Damian Jimenez's constitutional challenge to her mandatory detention under § 1225(b)(2)(A).

**B. Due Process**

Turing to the merits, "[t]he Supreme Court [has] reaffirmed in broad terms that "'[i]t is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 682–83 (W.D. Tex. 2025) (quoting *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025)). Damian Jimenez argues that because Respondents have misclassified her under § 1225(b)(2)(A), her detention under that statute serves no immigration purposes and therefore amounts to a deprivation of due process. *See* Reply 5. For their part, Respondents argue that Damian Jimenez, as "an unadmitted alien

pending removal proceedings," has received all of the process due to her, which does not include a bond hearing. *See* Resp. 6 (quoting *Sosnava Rodriguez v. Vergara*, --- F.4th ----, 2026 WL 3181188, at *11 (5th Cir. 2026) (en banc)).

As stated previously, all noncitizens who are present in the United States without having been admitted or paroled are subject to mandatory detention for the duration of their removal proceedings. 8 U.S.C. § 1225(b)(2)(A); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502 (5th Cir. 2026). And, as Respondents point out, detention of aliens under § 1225(b)(2)(A) without a bond hearing does not constitute a due process violation, "so long as removal remains a viable prospect" and delay is not used "as a means of punishment." *See Sosnava Rodriguez*, 2026 WL 3181188, at *13; *see also* Resp. 6. Accordingly, if a detainee has not, in fact, been admitted to the country, mandatory detention without a bond hearing, absent specific circumstances, does not generally constitute a due process violation under binding precedent. *See Sosnava Rodriguez*, 2026 WL 3181188, at *13.

Here, however, Damian Jimenez contends that she was admitted to the country. *See* Reply 2, 4–5. Therefore, she argues that she is correctly subject to § 1226(a)—under which she would be entitled to a bond hearing—rather than § 1225(b)(2)(A). *Id.* at 2 (citing *Rubio v. Lynch*, 787 F.3d 288, 291 (5th Cir. 2015)); *id.* at 4–5. Because Damian Jimenez does not concede, as a factual matter, that she falls within the scope of § 1225(b)(2)(A) as that statute is understood under *Buenrostro-Mendez* and other Fifth Circuit precedent, her due process claim is not foreclosed by *Sosnava Rodriguez*. The crux of her due process claim is whether it is permissible for Respondents to subject her to mandatory detention without an opportunity to challenge the factual basis for her inclusion within the mandatory detention category. *See* Reply 2; *id.* at 4–5; *see also* Pet. ¶ 72.

The Supreme Court in *Demore* acknowledged the right of the petitioner, held in mandatory detention under 1226(c), to "a hearing at which he would have been entitled to raise any nonfrivolous argument available to demonstrate that he was not properly included in a mandatory detention category." *Demore*, 538 U.S. at 514 (first citing 8 CFR § 3.19(h)(2)(ii); and then citing *Matter of Joseph,* 22 I. & N. Dec. 799, 1999 WL 339053 (BIA 1999)); *see also Mahdawi v. Trump*, 183 F.4th 103, 121 (2d Cir. 2026) ("[A] *Joseph* hearing provides 'the opportunity to offer evidence and legal authority on the question whether the [Government] has properly included [an alien] within a category that is subject to mandatory detention.'") (citation omitted) (alterations in original); *Garza-Garcia v. Moore*, 539 F. Supp. 2d 899, 906 (S.D. Tex. 2007). The Court's plurality opinion emphasized the availability of this procedural safeguard in response to the dissent's assertion that the statute failed due process scrutiny because it did not provide "individualized review." *See Demore,* 538 U.S. at 514 n. 3.

Justice Kennedy, concurring, explained that in his view, due process requires individualized procedures to ensure that there is "at least some merit" to the charges against a detainee to hold that detainee in mandatory detention without the possibility of bond.[2] *Demore*, 538 U.S. at 531. This showing is a "minimal, threshold burden" that the Government must satisfy in order to categorically detain aliens without the opportunity for bond. *See id.* at 532. Accordingly, *Demore* stands for the proposition that for a mandatory detention statute to pass constitutional muster, a so-called *Joseph* hearing must be available on request to any detainee who wishes to challenge their classification under a mandatory detention statute.[3] *See id.* at 531.

---

[2] Because Justice Kennedy's opinion provided the narrowest grounds in a case without a five-justice majority, his concurrence represents the holding of the Court. *See United States v. Garner*, 969 F.3d 550, 552 (5th Cir. 2020) (citing *Marks v. United States*, 430 U.S. 188, 193 (1977)).

[3] To the extent that Respondents might reference 8 C.F.R. § 3.19(h)(2)(ii), that regulation accords only certain categories of aliens subject to mandatory detention the right to a *Joseph* hearing. *See id.* As

"[T]hat means a detainee receives 'individualized review' of the legality of his detention at the outset." *Mahdawi*, 183 F.4th at 121 (citing *Demore*, 538 U.S. at 514 n.3); *see also Preap*, 586 U.S. at 418 n.8 ("Detainees who deny that they satisfy any § 1226(c) predicate may challenge their mandatory detention in a *Joseph* hearing.").

Section 1225(b)(2)(A), like § 1226(c), is a mandatory detention statute, making certain classes of detainees categorically ineligible for bond. *See* 8 U.S.C. § 1225(b)(2)(A); *Buenrostro-Mendez*, 166 F.4th at 498; *Sosnava Rodriguez*, 2026 WL 3181188, at *13–14. While § 1226(c) requires, as its predicate, the commission of an enumerated criminal offense, § 1225(b)(2)(A) requires that the detainee be an "applicant for admission." *See* 8 U.S.C. § 1225(b)(2)(A).

The Court sees no principled basis on which to distinguish the due process rights of those subject to mandatory detention on § 1226(c) grounds from the rights of those detained on § 1225(b)(2)(A) grounds. "[A]s the Court in [*Demore v. Kim*] seems to assume, Congress' authority to [provide for mandatory detention without bond] depends on observance of basic due process rights, such [as] an accused's right to contest whether he is in fact part of the group covered by the statute." *Garza-Garcia*, 539 F. Supp. 2d at 907. "This idea is as basic as an identity hearing or a probable cause examination in our system of justice." *Id.* It follows that just as due process requires that a person detained under § 1226(c) be afforded an opportunity to challenge the factual grounds for her detention under § 1226(c), *see Demore,* 538 U.S. at 514 n. 3, 531–32, a person detained under § 1225(b)(2)(A) is likewise entitled as a matter of due process to challenge the factual grounds for her detention under § 1225(b)(2)(A).

---

another court has persuasively explained, § 3.19(h)'s distinctions are arbitrary and create a due process violation for those whom it denies a *Joseph* hearing. *See Garza–Garcia,* 539 F. Supp. 2d at 906–07 (holding a total exclusion of arriving aliens from judicial or administrative review is arbitrary and that due process requires that arriving aliens at a minimum be permitted to challenge their designation as such).

Damian Jimenez has requested an individualized custody determination and been denied one, without any fact finding to determine whether she is properly subject to mandatory detention. *See* IJ Order. Accordingly, the Court finds that Damian Jimenez's detention without an opportunity to challenge her designation within the class of detainees subject to § 1225(b)(2)(A) constitutes a violation of her due process rights. The Court affords Respondents an opportunity to remedy the constitutional violation—otherwise, they must release her.[4]

## III. CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED IN PART**. Accordingly, the Court **ORDERS** that, **on or before December 8, 2026**, Respondents shall either: (1) provide Damian Jimenez with a hearing before an IJ, at which the IJ shall determine, as a factual matter, whether or not Damian Jimenez has been "admitted" to the United States and thus, whether she is subject to mandatory detention under § 1225(b)(2)(A). If Damian Jimenez is found to have been admitted, then the IJ shall proceed to conduct an individualized custody determination under § 1226(a); or (2) release Damian Jimenez from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before December 8, 2026**, Respondents shall **FILE** notice informing the Court whether Damian Jimenez has been released from custody. If she has not been released from custody, Respondents shall inform the Court whether and when a hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the basis for the IJ's resolution of the factual dispute as to whether

[4] To the extent that Respondents may argue that the sole habeas remedy is release from custody, the Court's order is not simply for an IJ to hold a hearing on the propriety of Damian Jimenez's designation under § 1225(b)(2)(A). Rather, the Court orders that if an IJ refuses to timely convene such a hearing, Damian Jimenez must be immediately released. In other words, the Court provides Respondents a final opportunity to give Damian Jimenez the process to which she is entitled under the Constitution. *See Barros v. Noem*, No. EP-25-cv-488-KC, 2025 WL 3154059, at *5 n.1 (W.D. Tex. Nov. 10, 2025). If they do so, then there is no longer a violation. If they do not, then the relief ordered is release.

Damian Jimenez was admitted to the country; as well as the result of any bond hearing subsequently conducted under § 1226(a).

**There will be no extensions of the December 8, 2026, deadlines**, unless they fall on a weekend or a holiday, in which case, the deadlines are extended to the following business day.

**SO ORDERED**.

**SIGNED this 24th day of November, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE